| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Sean S. Pak (Bar No. 219032)<br>seanpak@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew Schapiro (admitted *pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Alex Spiro (admitted *pro hac vice*)<br>Jessica Rose (admitted *pro hac vice*)<br>Ron Hagiz (admitted *pro hac vice*)<br>alexspiro@quinnemanuel.com<br>jessicarose@quinnemanuel.com<br>ronhagiz@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 | HOGAN LOVELLS US LLP<br>Neal Kumar Katyal<br>  (*pro hac vice* application pending)<br>William E. Havemann<br>  (*pro hac vice* application pending)<br>Nathaniel A.G. Zelinsky<br>  (*pro hac vice* application pending)<br>neal.katyal@hoganlovells.com<br>will.havemann@hoganlovells.com<br>nathaniel.zelinsky@hoganlovells.com<br>555 Thirteenth Street NW<br>Washington, D.C. 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910 |

Attorneys for Defendant NVIDIA Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRE DUBUS III, SUSAN ORLEAN,<br><br>  Individually and on behalf of all others similarly situated,<br><br>        v.<br><br>NVIDIA CORPORATION, a Delaware corporation,<br><br>  Defendant. | Case No. 4:24-cv-2655-JST<br><br>**DEFENDANT NVIDIA CORPORATION'S ANSWER TO COMPLAINT** |

Defendant NVIDIA Corporation ("NVIDIA") submits this Answer to Plaintiffs' Complaint.

## INTRODUCTION

1. NVIDIA admits that artificial intelligence is commonly abbreviated "AI." NVIDIA admits that that the term "artificial intelligence" may include software as described in Paragraph 1, but denies that the term is limited to the alleged definition.

2. NVIDIA admits that some large language models ("LLMs") may be designed to be used, potentially in conjunction with additional software, to generate outputs that are similar to human-generated text and/or to respond to user prompts, but denies that the term large language model is limited to the alleged definition. NVIDIA further admits that it released a set of large language models named "NeMo Megatron–GPT" in September 2022. NVIDIA denies the remaining allegations of Paragraph 2.

3. To the extent Paragraph 3 states legal conclusions, no response is required. To the extent a response is required, NVIDIA admits that LLMs may be trained on textual works. NVIDIA further admits that training is a highly transformative process that may include adjusting numerical parameters including "weights," and that outputs of an LLM may be based, at least in part, on such "weights." NVIDIA denies the remaining allegations contained in Paragraph 3.

4. To the extent Paragraph 4 states legal conclusions, no response is required. NVIDIA admits that Plaintiffs purport to bring this action as a class action. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5. To the extent Paragraph 5 states legal conclusions, no response is required. To the extent a response is required, NVIDIA denies the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6. NVIDIA admits the allegations contained in Paragraph 6.

7. To the extent Paragraph 7 states legal conclusions, no response is required. To the extent a response is required, NVIDIA admits that it resides in this district and that venue is proper

for purposes of this action. NVIDIA denies that it has committed or is committing any act complained of in the Complaint, and denies the remaining allegations contained in Paragraph 7.

8. To the extent Paragraph 8 states legal conclusions, no response is required. To the extent a response is required, NVIDIA admits that this case is an Intellectual Property Action under Civil Local Rule 3-2(c) that is assigned to the Oakland Division.

## PARTIES

9. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies them.

10. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies them.

11. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies them.

12. NVIDIA admits the allegations contained in Paragraph 12.

## AGENTS AND CO-CONSPIRATORS

13. To the extent Paragraph 13 states legal conclusions, no response is required. To the extent a response is required, NVIDIA denies that it has committed or is committing any act complained of in the Complaint, and denies the remaining allegations contained in Paragraph 13.

14. To the extent Paragraph 14 states legal conclusions, no response is required. To the extent a response is required, NVIDIA denies that it has committed or is committing any act complained of in the Complaint, and denies the remaining allegations contained in Paragraph 14.

## FACTUAL ALLEGATIONS

15. NVIDIA admits that it was founded in 1993, that it invented the GPU (Graphics Processing Unit) in 1999, and that it provides hardware, software, and systems for computationally intensive workloads. NVIDIA denies the remaining allegations contained in Paragraph 15.

16. NVIDIA admits that it released a set of LLMs named NeMo Megatron–GPT in September 2022. NVIDIA further admits that some large language models may be designed to be used, potentially in conjunction with additional software, to generate outputs that are similar to

human-generated text and/or to respond to user prompts, but denies that the term large language model is limited to the alleged definition. NVIDIA denies the remaining allegations contained in Paragraph 16.

17.   NVIDIA admits that LLMs are models that may be trained at least in part using a large and diverse corpus of textual material, and that the material used for training may be referred to as a "training dataset." NVIDIA denies the remaining allegations contained in Paragraph 17.

18.   NVIDIA admits that LLMs include numerical parameters that may be referred to as "weights," and that during training, "weights" may be adjusted. NVIDIA further admits that the NeMo-Megatron–GPT 20B model is so named at least in part because the model includes 20 billion total trainable parameters. NVIDIA denies the remaining allegations contained in Paragraph 18.

19.   To the extent Paragraph 19 states legal conclusions, no response is required. To the extent a response is required, NVIDIA admits that some large language models may be designed to be used, potentially in conjunction with additional software, to generate outputs that are similar to human-generated text and/or to respond to user prompts and that the model's "weights" may be used in generating the outputs. NVIDIA denies the remaining allegations contained in Paragraph 19.

20.   NVIDIA denies that it has improperly used or copied the alleged works of Plaintiffs or of any of the putative Class members, and denies the allegations contained in Paragraph 20.

21.   NVIDIA admits that it first announced the availability of the four NeMo Megatron LLMs referenced in Paragraph 21 in September 2022 and that those four models were released in September 2022. To the extent the allegations in Paragraph 21 purport to quote from portions of a publicly available video, the full text of the video speaks for itself. NVIDIA denies the remaining allegations contained in Paragraph 21.

22.   NVIDIA admits that the four referenced LLMs, NeMo Megatron–GPT 1.3B, NeMo Megatron–GPT 5B, NeMo Megatron–GPT 20B, and NeMo Megatron–T5 3B, are available on Hugging Face. NVIDIA admits that each of those four LLMs includes a model card, and that

each model card states that, "The model was trained on 'The Pile' dataset prepared by EleutherAI." NVIDIA denies the remaining allegations contained in Paragraph 22.

23. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis denies them.

24. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24, and on that basis denies them.

25. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25, and on that basis denies them.

26. To the extent Paragraph 26 states legal conclusions, no response is required. NVIDIA denies the characterization of the listed data repositories as "shadow libraries" and denies that hosting data in or distributing data from the data repositories necessarily violates the U.S. Copyright Act. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 26, and on that basis denies them.

27. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27, and on that basis denies them.

28. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis denies them.

29. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis denies them.

30. To the extent Paragraph 30 states legal conclusions, no response is required. NVIDIA denies the remaining allegations contained in Paragraph 30.

## COUNT 1

### Direct Copyright Infringement (17 U.S.C. § 501)

### against NVIDIA

31. NVIDIA incorporates by reference its responses to Paragraphs 1-30.

32. Paragraph 32 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required.

33. To the extent Paragraph 33 states legal conclusions, no response is required. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 33, and on that basis denies them.

34. To the extent Paragraph 34 states legal conclusions, no response is required. To the extent a response is required, NVIDIA denies that it has infringed the copyrighted works asserted in this action. NVIDIA admits that a third-party dataset referred to as "The Pile" and at one time distributed by Eleuther.AI was included in the training dataset used in connection with the four NeMo Megatron models referenced in the Complaint, NeMo Megatron–GPT 1.3B, NeMo Megatron–GPT 5B, NeMo Megatron–GPT 20B, and NeMo Megatron–T5 3B. NVIDIA denies the allegations of the third sentence of Paragraph 34. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 34, and on that basis denies them.

35. To the extent Paragraph 35 states legal conclusions, no response is required. To the extent a response is required, NVIDIA denies that it has infringed the copyrighted works asserted in this action and denies the remaining allegations contained in Paragraph 35.

36. To the extent Paragraph 36 states legal conclusions, no response is required. To the extent a response is required, NVIDIA denies that it has infringed the copyrighted works asserted in this action and denies the remaining allegations contained in Paragraph 36.

37. To the extent Paragraph 37 states legal conclusions, no response is required. To the extent a response is required, NVIDIA denies the allegations contained in Paragraph 37.

## CLASS ALLEGATIONS

38. Paragraph 38 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA denies the allegations contained in Paragraph 38.

39. Paragraph 39 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA denies that this action is suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

40. Paragraph 40 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA denies the allegations contained in Paragraph 40.

41. Paragraph 41 states conclusions of law or arguments as to which no response is required. To the extent a response is required, NVIDIA denies that it possesses information concerning the exact number of members of Plaintiffs' putative class. NVIDIA lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 41, and on that basis denies them.

42. Paragraph 42 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA denies the allegations contained in Paragraph 42.

43. Paragraph 43 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. NVIDIA lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43, and on that basis denies them.

44. Paragraph 44 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA denies that this action is suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

45. Paragraph 45 states conclusions of law and Plaintiffs' characterization of their claims as to which no response is required. To the extent a response is required, NVIDIA denies that this action is suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

**DEMAND FOR JUDGMENT**

NVIDIA denies all allegations contained in the section entitled "Demand For Judgment," and further denies that any relief should be granted to Plaintiffs whatsoever.

**JURY TRIAL DEMANDED**

NVIDIA denies any claim Plaintiffs assert is sufficient to survive to trial or warrant relief.

## AFFIRMATIVE DEFENSES

NVIDIA asserts the following affirmative defenses to the claim alleged in the Complaint, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs. NVIDIA reserves the right to supplement and/or amend these defenses, including to assert new defenses, as discovery is conducted.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiffs' claims and the putative class members' claims fail, in whole or in part, because Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Non-Infringement)**

Plaintiffs' claims and the putative class members' claims fail, in whole or in part, because NVIDIA has not infringed Plaintiffs' alleged copyrighted works.

### THIRD AFFIRMATIVE DEFENSE

**(Fair Use)**

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by fair use under Section 107 of the Copyright Act.

### FOURTH AFFIRMATIVE DEFENSE

**(Lack of Copyrightability)**

Plaintiffs' claims and the putative class members' claims fail, in whole or in part, to the extent they claim rights to elements of works or to works which are not protectable under copyright law, such as under the doctrines of *scènes à faire*, merger, or under 17 U.S.C. § 102(b), or that are in the public domain, are facts, lack requisite originality, are unregistered, are works to which copyright protection has been abandoned, or are works to which Plaintiffs own no valid copyright.

**FIFTH AFFIRMATIVE DEFENSE**

**(De Minimis Copying)**

Plaintiffs' claims and the putative class members' claims fail, in whole or in part, because they are barred by the doctrine of de minimis copying.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches, Waiver, Estoppel)**

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Injunctive Relief)**

Plaintiffs' claims and the putative class members' claims for injunctive relief are barred because Plaintiff has an adequate remedy at law.

**ADDITIONAL DEFENSES**

NVIDIA reserves the right to assert additional defenses.

DATED: July 1, 2024          Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Sean S. Pak

Attorneys for Defendant NVIDIA Corporation