QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-4001

Alex Spiro (admitted pro hac vice)
alexspiro@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant,
NVIDIA Corporation*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| ABDI NAZEMIAN, BRIAN KEENE, and STEWART O'NAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NVIDIA Corporation,<br><br>Defendant. | Case No. 4:24-cv-01454-JST<br>Case No. 4:24-cv-02655-JST<br><br>**NVIDIA'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES**<br><br>Date:        June 26, 2025<br>Time:        2:00 p.m.<br>Courtroom    6, 2nd Floor<br>Judge:       Hon. Jon Tigar<br>Trial Date:  None Set |
| ANDRES DUBUS III and SUSAN ORLEAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NVIDIA Corporation,<br><br>Defendant. | |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES IN THIS ACTION AND ALL RELATED ACTIONS, THEIR RESPECTIVE ATTORNEYS OF RECORD, AND THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that on June 26, 2025, at 2 p.m., or as soon after as counsel may be heard, in the courtroom of the Honorable Jon S. Tigar, located at Courtroom 6 on the second floor of the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendant NVIDIA Corporation ("NVIDIA"), by and through counsel, will and hereby does move the Court for an order consolidating *Nazemian et al. v. NVIDIA Corp.*, 4:24-cv-01454-JST (N.D. Cal.) and *Dubus et al. v. NVIDIA Corp.*, (4:24-cv-02655-JST) (together, the "Actions"), pursuant to Federal Rule of Civil Procedure 42(a). NVIDIA moves for consolidation on the grounds that the Actions involve common questions of fact and law, consolidation will conserve judicial resources and avoid conflicting or inconsistent results, and consolidation will not cause prejudice or delay.

Counsel for both sets of Plaintiffs have indicated that they will not agree to stipulate to consolidation. Accordingly, NVIDIA now brings this motion to consolidate to avoid inefficiencies in discovery, ensure consistent resolution of the common questions of law and fact, and conserve the resources of the Court and parties.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities that follows, the pleadings and papers on file in the Actions, any reply that NVIDIA may file in support of this motion, and any evidence and argument presented to the Court.

Dated: April 29, 2025                           QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                                By: */s/ Sean S. Pak*
                                                    Sean S. Pak

                                                    *Attorneys for Defendant,*
                                                    *NVIDIA Corporation*

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.   INTRODUCTION..................................................................................................................1

II.  BACKGROUND....................................................................................................................1

    A.   Plaintiffs File Almost Identical Actions Against NVIDIA .........................................1

    B.   The Actions Are Related And To Date Have Been Treated As One ..........................2

    C.   Plaintiffs Indicate They Will Not Stipulate to Consolidation .....................................5

    D.   Plaintiffs' Counsel Have Stipulated To Consolidation In Other Cases.......................6

III. ARGUMENT .........................................................................................................................6

    A.   Plaintiffs Admit The Actions Involve The Same Questions Of Fact And Law.........7

    B.   Consolidating The Actions Will Conserve Judicial And Party Resources ................8

    C.   Plaintiffs Have Not (And Presumably Cannot) Articulate Any Basis To Oppose Consolidation ...............................................................................................10

IV.  CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

### CASES

*Bodri v. Gopro, Inc.*,
　No. 16-cv-00232-JST, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ...................................... 7

*Cadena v. Am. Honda Motor Co.*,
　No. 20-cv-511-MWF, 2020 WL 3107798 (C.D. Cal. June 9, 2020*)* ...................................... 9

*Garity v. APWU Nat'l Labor Org.*,
　828 F.3d 848 (9th Cir. 2016) ............................................................................................... 10

*Holley v. Gilead Scis., Inc.*,
　No. 18-cv-06972-JST, 2020 WL 13557961 (N.D. Cal. Apr. 22, 2020) ........................... 7, 8, 9

*Huene v. U.S.*,
　743 F.2d 703 (9th Cir. 1984) ............................................................................................... 10

*Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
　877 F.2d 777 (9th Cir. 1989) ................................................................................................. 6

*Ralink Tech. Corp. v. Lantiq Deutschland GMBH*,
　No. 11-cv-1549 EJD, 2012 WL 314881 (N.D. Cal. Feb. 1, 2012) ......................................... 9

*Zhu v. UCBH Holdings, Inc.*,
　682 F. Supp. 2d 1049 (N.D. Cal. 2010) ................................................................................. 8

### RULES

Fed. R. Civ. P. 42(a) ............................................................................................................. 1, 6, 7

### OTHER AUTHORITIES

9 Wright & Miller, *Federal Practice and Procedure* § 2383 (1971) ............................................. 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 42(a), NVIDIA respectfully requests that the Court consolidate for all pretrial and trial proceedings two AI copyright cases that have already been related at the request of Plaintiffs: *Nazemian et al. v. NVIDIA Corp.*, 4:24-cv-01454-JST (N.D. Cal.) ("*Nazemian*") and *Dubus et al. v. NVIDIA Corp.*, (4:24-cv-02655-JST) ("*Dubus*" and together with *Nazemian*, the "Actions").

There is no real dispute that consolidation is appropriate here.  Plaintiffs admit that "[i]n both actions, the plaintiffs all allege, on behalf of the same putative class, that [NVIDIA] engaged in actions related to the creation and operation of NeMo Megatron, a series of large language model artificial intelligence products, that violated Plaintiffs' rights under, inter alia, the Copyright Act (17 U.S.C. § 106)."  *Nazemian* Dkt. No. 37 at 1.  In arguing against consolidation in a CMC statement, Plaintiffs claimed that consolidation "would pose inconvenience, delay, and expense."  *Nazemian* Dkt. No. 100 at 4–5; *Dubus* Dkt. No. 76 at 4–5.  In fact, the opposite is true; allowing two identical cases to proceed simultaneously would improperly multiply the costs and risk conflicting or inconsistent results.  Because the Actions present the same questions of fact and law, efficiency and fairness will be served by consolidating them now, at the outset of fact discovery.

**II.   BACKGROUND**

   **A.   Plaintiffs File Almost Identical Actions Against NVIDIA**

On March 8, 2024, the named Plaintiffs in the *Nazemian* Action, "on behalf of themselves and all others similarly situated," filed a putative class action Complaint against NVIDIA. *Nazemian* Dkt. No. 1 at 1 (*Nazemian* Complaint).  The *Nazemian* Plaintiffs allege they and their putative class members are authors who own the registered copyrights on works that were used to train NVIDIA's NeMo Megatron language models.  *Id.* ¶¶ 4–5.  They assert one claim against NVIDIA for direct copyright infringement.  *Id.* ¶¶ 32–37.  Their proposed class is comprised of "[a]ll persons or entities domiciled in the United States that own a United States copyright in any work that was used as training data for the NeMo Megatron large language models during the Class

Period." *Id.* ¶ 39. NVIDIA Answered the *Nazemian* Complaint on May 24, 2024, raising several defenses, including copyright fair use. *Nazemian* Dkt. No. 38.

On May 2, 2024, the named Plaintiffs in the *Dubus* Action filed a virtually identical putative class action complaint against NVIDIA "on behalf of themselves and all others similarly situated." *Dubus* Dkt. No. 1 at 1 (*Dubus* Complaint); Decl. of R. McCracken ("McCracken Decl.") ¶ 3, Ex. 1 (redline comparing the *Nazemian* Complaint and *Dubus* Complaint). Like the *Nazemian* Plaintiffs, the *Dubus* Plaintiffs allege they and their class members are authors who own the registered copyrights on works that were used to train NVIDIA's NeMo Megatron language models. *Dubus* Complaint, ¶¶ 4–5. And also like the *Nazemian* Plaintiffs, the *Dubus* Plaintiffs claim NVIDIA engaged in one count of direct copyright infringement. *Id.* ¶¶ 32–37. Further still, the named *Dubus* Plaintiffs seek to represent the exact same class: "[a]ll persons or entities domiciled in the United States that own a United States copyright in any work that was used as training data for Nemo Megatron large language models during the Class Period." *Id.* ¶ 39. On July 1, 2024, NVIDIA answered the *Dubus* Complaint, raising the same defenses as in NVIDIA's Answer to the *Nazemian* Complaint, and again asserting that any alleged use of Plaintiffs' works constitutes fair use. *Dubus* Dkt. No. 49.

### B.   The Actions Are Related And To Date Have Been Treated As One

On May 23, 2024, the *Nazemian* Plaintiffs filed an unopposed administrative motion to consider whether the cases should be related because the *Dubus* Action "concerns substantially the same parties, transactions, and events as are at issue in the Nazemian Action." *Nazemian* Dkt. No. 37 at 1. The Court granted the motion on May 29, 2024, and the *Dubus* case was reassigned to this Court. *Nazemian* Dkt. No. 47; *Dubus* Dkt. No. 17.

In advance of every Case Management Conference to date, the parties have prepared a single Joint Case Management Statement, which Plaintiffs have timely filed on only the *Nazemian* docket. *Compare Nazemian* Dkt. Nos. 62 (CMC Statement for August 20 CMC filed August 13, 2024), 93 (CMC Statement for December 13 CMC filed December 5, 2024), 100 (CMC Statement for February 14 CMC filed February 7, 2025); *with Dubus* Dkt. Nos. 74 (CMC Statement for December

| | |
|---|---|
| 1 | 13, 2024 CMC filed January 7, 2025),[1] 76 (CMC Statement for February 14, 2025 CMC filed |
| 2 | February 10, 2025).  In each Joint Case Management Statement, Plaintiffs have presented their |
| 3 | factual and legal statements without distinguishing between the Actions in any way.  *See, e.g.*, |
| 4 | *Nazemian* Dkt. No. 93 ("**Plaintiffs' Position**: The legal and factual issue at the core of **this case** is") |
| 5 | (emphasis added); *Dubus* Dkt. No. 74 at 2 (same); *Nazemian* Dkt. No. 62 at 2 (same); *id.* at 6 ("Given |
| 6 | the numerous common legal and factual issues **in this case**, Plaintiffs do not believe") (emphasis |
| 7 | added).  After the August 29, 2024 Case Management Conference, on September 11, 2024, the |
| 8 | Court adopted the parties' stipulated case schedule as applicable to both Actions.  *Nazemian* Dkt. |
| 9 | No. 71; *Dubus* Dkt. No. 59. |

On June 26, 2024, counsel for the *Nazemian* Plaintiffs served "Plaintiffs' Initial Disclosures" (with a cover email that referred to only the *Nazemian* Action), and attached a single set of initial disclosures on behalf of both the *Nazemian* and *Dubus* Plaintiffs which did not differentiate between the Actions.  McCracken Decl. ¶ 4, Ex. 2.  On July 10, 2024, the *Nazemian* Plaintiffs served requests for production on NVIDIA, to which NVIDIA responded on August 9, 2024 and January 24, 2025. *Id.* ¶ 5.  The *Dubus* Plaintiffs have not served any independent requests for production on NVIDIA. *Id.* ¶ 6.  On July 23, 2024, NVIDIA served joint requests for production on the named Plaintiffs in both Actions.  *Id.* ¶ 7.  On August 22, 2024, the named Plaintiffs in both Actions provided identical responses to NVIDIA's discovery requests (*id.* ¶ 7, Ex. 3), and counsel for both sets of Plaintiffs are identified in the signature blocks of the discovery responses.  McCracken Decl. ¶ 7; Ex. 3 at 11–12. To date, NVIDIA has made two productions common to both Actions, and the *Nazemian* Plaintiffs have made one document production.  McCracken Decl. ¶ 8.  The parties have been conducting discovery conferences with counsel for all parties present.  *Id.* ¶ 9.

On September 19, 2024, Plaintiffs in both Actions submitted a single identical brief on the ESI and Protective Order on the *Nazemian* docket only.  *Nazemian* Dkt. No. 74.  The brief was

---

[1] Plaintiffs never filed the Joint Case Management Statement for the then-scheduled August 20, 2024 Case Management Conference on the *Dubus* docket and did not file the Joint Case Management Statement for the December 13, 2024 Case Management Conference on the *Dubus* docket for at least a month after the Joint Case Management Statement was timely filed on the *Nazemian* docket.  McCracken Decl. ¶ 10.

signed by counsel for both sets of Plaintiffs, and was accompanied by two declarations submitted in support of "Plaintiffs Abdi Nazemian, Brian Keene, and Stewart O'Nan's" brief (*i.e.*, only the *Nazemian* Plaintiffs). *Nazemian* Dkt. Nos. 74-1, 74-2. The *Nazemian* Plaintiffs' counsel argued on behalf of both sets of Plaintiffs during the October 21, 2024 Case Management Conference regarding those briefs. *Nazemian* Dkt. No. 82 (Oct. 21, 2024 Hearing Tr.) at 8 (Christopher Young, counsel for the *Nazemian* Plaintiffs only, arguing for "the Plaintiffs"); *Dubus* Dkt. No. 65 at 8 (same). The ESI Order was entered on the *Nazemian* docket, not the *Dubus* docket. *Nazemian* Dkt. No. 98.

On March 20, 2025, the *Nazemian* Plaintiffs' counsel, without differentiating between the Actions, requested via email that NVIDIA produce a pre-tokenized copy of "the Pile" via hard drive, and copied the *Dubus* Plaintiffs' counsel on this request. McCracken Decl. ¶ 14 ("*We* request . . . .") (emphasis added). On March 27, 2025, counsel for the *Nazemian* Plaintiffs circulated a proposed deposition protocol stating that "[b]ecause the Related Actions involve similar allegations and defenses, the Court believes discovery in the various proceedings will substantially overlap," and providing that "[t]o the extent practicable, Plaintiffs in the Related Actions will meet and confer with one another before serving any deposition notices in an effort to avoid duplication of discovery." *Id*. ¶ 15, Ex. 5 at 1 & ¶ 2. Plaintiffs also proposed presumptive deposition limits for all "Plaintiffs across the two related actions" and for NVIDIA across the Related Actions. McCracken Decl. ¶ 15, Ex. 5 at ¶ 1.

On April 25, 2025, counsel for the *Nazemian* Plaintiffs responded to NVIDIA's February 21, 2025 correspondence regarding the parties' outstanding discovery requests, copying counsel for the *Dubus* Plaintiffs. McCracken Decl. ¶ 17, Ex. 7. The subject of the correspondence referred to both Actions, purported to address "each of Defendant's claims regarding Plaintiffs' Requests for Production at issue, and provide[] Plaintiffs' position concerning the scope and substance of the agreements reached," but did not acknowledge that the *Dubus* Plaintiffs have not yet served any requests for production on NVIDIA. *Id*.

### C.   Plaintiffs Indicate They Will Not Stipulate to Consolidation

Since the Court related the cases, NVIDIA has repeatedly expressed its view that the Actions should be consolidated, and indicated to Plaintiffs that it may file a motion to do so if Plaintiffs do not agree to consolidate.  Plaintiffs have not agreed to consolidate the Actions.

On August 13, 2024, the parties filed a single Joint Case Management Statement in which Plaintiffs noted they were "discussing formal consolidation."  McCracken Decl. ¶ 11; *Nazemian* Dkt. No. 62 at 4.  In December 2024, Plaintiffs repeated the exact same position in the parties' Joint Case Management Statement.  McCracken Decl. ¶ 11; *Nazemian* Dkt. No. 93 at 4; *Dubus* Dkt. No. 74 at 4.  On February 7, 2025, Plaintiffs apparently changed their position and submitted in the parties' Joint Case Management Statement that "counsel for the *Nazemian* and *Dubus* Plaintiffs have been coordinating effectively and there has been no loss of time or effort due to the lack of consolidation" and "[b]ecause there is no problem that formal consolidation would solve, Plaintiffs believe that consolidation is unnecessary and thus any proceedings related to consolidation would pose inconvenience, delay, and expense with no discernable benefit."  McCracken Decl. ¶ 12; *Nazemian* Dkt. No. 100 at 4–5; *Dubus* Dkt. No. 76 at 4–5.  In subsequent correspondence on February 21, 2025, NVIDIA inquired about Plaintiffs' new consolidation position, noting that "Plaintiffs have treated these cases as consolidated and have agreed to consolidate other class actions on these issues," and requested that Plaintiffs be prepared to discuss their position on consolidation at the parties' next meet and confer.  McCracken Decl. ¶ 13, Ex. 4.  In March 2025, new counsel for the *Nazemian* Plaintiffs appeared in the *Nazemian* Action.  *Nazemian* Dkt. No. 106.

Because Plaintiffs' proposed deposition protocol contemplated substantive overlap between the Actions in discovery, on March 28, 2025, NVIDIA again asked Plaintiffs to provide their position on consolidation. McCracken Decl. ¶ 16.  NVIDIA followed up with Plaintiffs on April 7, April 11, April 14, April 16, and April 24 to obtain their position.  *Id*.  But despite repeated assurances that Plaintiffs' position on consolidation was forthcoming, as of the date of this Motion, Plaintiffs have not agreed to consolidation (or even provided their position on consolidation).  *Id*., Ex. 6.

### D. Plaintiffs' Counsel Have Stipulated To Consolidation In Other Cases

The same named Plaintiffs (and Plaintiffs' counsel) have stipulated to consolidation in other AI copyright cases in this district, albeit only after requiring defendants to move to consolidate. In one such case, *In Re Mosaic LLM Litig.*, No. 3:24-cv-01451-CRB (N.D. Cal.) (Dkt. Nos. 55, 56, 57), the *Nazemian* named plaintiffs O'Nan, Nazemian, and Keene, represented by the *Nazemian* Plaintiffs' counsel Joseph Saveri Law Firm, LLP and Lockridge Grindal Nauen PLLP, and other named plaintiffs, represented by the *Dubus* Plaintiffs' counsel Cafferty Clobes Meriweather & Sprengel LLP and DiCello Levitt LLP, stipulated to consolidation with the defendants without filing an opposition after the defendants filed a motion to consolidate. Plaintiffs' counsel also jointly stipulated to consolidate in other similar class-action AI copyright litigations both after forcing the defendant to file a motion and without motion practice. *See, e.g.*, *In re Google Generative AI Copyright Litig.*, No. 5:23-cv-03440-EKL (N.D. Cal.) (Dkt. Nos. 70, 72, 73) (plaintiffs, represented by the *Nazemian* Plaintiffs' counsel Joseph Saveri Law Firm, LLP and Lockridge Grindal Nauen PLLP, stipulated to consolidation after Google filed motion to consolidate); *DOE 1 et al v. GitHub, Inc. et al*, No. 4:22-cv-06823-JST (N.D. Cal.) (Dkt. Nos. 46, 47) (plaintiffs, represented by the *Nazemian* Plaintiffs' counsel Joseph Saveri Law Firm, LLP, stipulated to consolidation with defendants); *In re OpenAI ChatGPT Litig.*, No. 3:23-cv-03223-AMO (N.D. Cal.) (Dkt. Nos. 60, 107) (Tremblay plaintiffs, represented by the *Nazemian* Plaintiffs' counsel Joseph Saveri Law Firm, LLP and Chabon plaintiffs, represented by the *Dubus* Plaintiffs' counsel Cafferty Clobes Meriwether & Sprengel LLP, stipulated to consolidation with defendants); *Kadrey et al v. Meta*, No. 3:23-cv-03417-VC (N.D. Cal.) (Dkt. Nos. 60, 62) (Kadrey plaintiffs, represented by the *Nazemian* Plaintiffs' counsel Joseph Saveri Law Firm, LLP and Chabon plaintiffs, represented by the *Dubus* Plaintiffs' counsel Cafferty Clobes Meriwether & Sprengel LLP, stipulated to consolidation with defendants).

### III.  ARGUMENT

Under Federal Rule of Civil Procedure 42(a) a court may consolidate two or more actions "involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S.*

*Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citing 9 Wright & Miller, *Federal Practice and Procedure* § 2383 (1971)). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" *Bodri v. Gopro, Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016) (internal quotation omitted) (granting motion to consolidate four putative class actions alleging the same false and misleading statements under the same statute, and an overlapping class period).

### A. Plaintiffs Admit The Actions Involve The Same Questions Of Fact And Law

The Court should consolidate the Actions because they involve common questions of fact and law. Fed. R. Civ. P. 42(a). There is no dispute that the Actions involve the same putative class of Plaintiffs, the same Defendant, the same cause of action, and the same underlying facts. Indeed, in addition to filing almost identical Complaints, Plaintiffs have repeatedly admitted that the Actions involve common questions of fact and law. *See, e.g.*, *Nazemian* Dkt. No. 37 at 1 (stating that the *Dubus* Action "concerns substantially the same parties, transactions, and events as are at issue in the Nazemian Action."); *Nazemian* Dkt. No. 93 at 2 ("**Plaintiffs' Position**: The legal and factual issue at the core of ***this case*** is") (emphasis added); *Dubus* Dkt. No. 74 at 2 (same); *Nazemian* Dkt. No. 62 at 2 (same); *id.* at 6 ("Given the numerous common legal and factual issues ***in this case***, . . .") (emphasis added); McCracken Decl. ¶ 15, Ex. 5 at 1 ("Because the Related Actions involve similar allegations and defenses, the Court believes discovery in the various proceedings will substantially overlap."). Plaintiffs' counsel has also stipulated to consolidate other proceedings in this district involving similar allegations. *See supra* II.D.

This Court has previously found that putative class action proceedings against the same defendant with similar allegations involve common questions of fact and law, and granted defendant's motion to consolidate. *Holley v. Gilead Scis., Inc.*, No. 18-cv-06972-JST, 2020 WL 13557961, at *1 (N.D. Cal. Apr. 22, 2020) (granting motion for consolidation where "[t]he parties concede, as they must, that this case involves common questions of law and fact" because "[t]he complaints contain hundreds of paragraphs of nearly identical allegations, as well as identical prayers for relief."); *Bodri*, 2016 WL 1718217 at *2 (granting motion for consolidation).

### B. Consolidating The Actions Will Conserve Judicial And Party Resources

"In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (internal quotation omitted). Judicial convenience is served by consolidating the Actions now. The Actions are already on the same case schedule and are in early phases of discovery. *Nazemian* Dkt. No. 71 (substantial completion of productions deadline in July 2025 in both Actions). Plaintiffs are already anticipating that the issues in discovery between the Actions will "substantially overlap." McCracken Decl. ¶ 15, Ex. 5 at 1. And Plaintiffs are already anticipating that they will coordinate (*Nazemian* Dkt. No. 100 at 4), and will meet and confer among themselves regarding discovery (McCracken Decl. ¶ 15, Ex. 5 at ¶ 2). Plaintiffs have provided joint initial disclosures, and have served identical discovery responses to NVIDIA's requests for production (though the *Dubus* Plaintiffs have not produced any documents to date). McCracken Decl. ¶¶ 4, 7–8. Both sets of Plaintiffs identified both the *Nazemian* Plaintiffs' counsel and the *Dubus* Plaintiffs' counsel in the signature blocks of their identical discovery responses. McCracken Decl. ¶ 7; Ex. 3 at 11–12. Plaintiffs are also apparently treating discovery served by the *Nazemian* Plaintiffs as having been served by the *Dubus* Plaintiffs. McCracken Decl. ¶ 17, Ex. 7. Plaintiffs will therefore not be prejudiced by formal consolidation. *Holley*, 2020 WL 13557961 at *2 (granting defendant's motion to consolidate where "[b]oth sets of Plaintiffs' counsel have expressed their commitment to coordinating voluntarily").

Proceeding as two separate Actions would create unnecessary burden and expense. NVIDIA is currently coordinating with two sets of Plaintiffs' counsel (the *Nazemian* Plaintiffs are currently represented by four separate firms, and the *Dubus* Plaintiffs are represented by two separate firms). And while Plaintiffs' counsel currently represents that they will "coordinate" for discovery and meet and confer to avoid duplication of their requests, there is no structure, mechanism, or formal requirement ensuring Plaintiffs will do so throughout the litigation. Nothing prevents the two sets of Plaintiffs from later diverging on discovery, dispositive motions, or any other pre-trial or trial matter, or otherwise using the separate status of the two Actions to impose additional burdens. Further adding to the inefficiency of proceeding without consolidation is the need to negotiate with

multiple sets of counsel on the same issues and duplicating filings across two dockets, which increases the risk of error and inconsistencies (for example, the *Dubus* Plaintiffs did not file the Joint Case Management Statement on the *Dubus* docket until one month after the date scheduled for the December 13, 2024 Case Management Conference (*Dubus* Dkt. No. 74); the declarations filed in support of Plaintiffs' ESI Brief were commissioned by the Nazemian Plaintiffs (*Nazemian* Dkt. Nos. 74-1 and 74-2); and ESI Order has been entered only in the *Nazemian* Action (*Nazemian* Dkt. No. 98)).  *Holley*, 2020 WL 13557961 at *1 (granting defendant's motion to consolidate where "[c]onsolidation will also avoid the risk that a document might inadvertently be filed only on one docket but not the other, as has recently occurred.").  Moreover, litigating the same claims and defenses based on the same underlying facts for the same Defendant and putative class in two separate cases improperly risks conflicting and inconsistent results.  *Id*. ("[C]onsolidation will also avoid the need for these duplicative filings, as well as avoiding the risk of potentially conflicting rulings or results."); *see also Ralink Tech. Corp. v. Lantiq Deutschland GMBH*, No. 11-cv-1549 EJD, 2012 WL 314881, at *1 (N.D. Cal. Feb. 1, 2012) (granting defendant's motion to consolidate where "consolidation would conserve the court's and the parties' resources and avoid the risk of inconsistent judgments").

Consolidating the Actions will not cause any significant delay or prejudice because the Actions are still in the relatively early stages of fact discovery.  *Cadena v. Am. Honda Motor Co.*, No. 20-cv-511-MWF (PJWX), 2020 WL 3107798, at *2 (C.D. Cal. June 9, 2020*)* (granting consolidation where the "cases are in relatively early stages of litigation" and "discovery has not yet begun or has not progressed significantly").  There have been no depositions or discovery motions in the case; indeed, NVIDIA would like to formalize consolidation so the parties can proceed with negotiating the Deposition Protocol by the Court's May 15, 2025 deadline.  Having one consolidated case when navigating these issues will provide the most efficient path forward for the parties and the Court.

### C. Plaintiffs Have Not (And Presumably Cannot) Articulate Any Basis To Oppose Consolidation

In their Case Management Position, Plaintiffs asserted two bases to oppose consolidation. First, Plaintiffs argue that the Court has discretion to determine whether consolidation is appropriate, even where there are common questions of law or fact, citing two Ninth Circuit cases. *Nazemian* Dkt. No. 100 at 4 (citing *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016) (observing that district courts have "broad discretion to consolidate complaints"); *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984) (observing that in exercising its discretion to order consolidation, the district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."); *Dubus* Dkt. No. 76 at 4 (same). NVIDIA does not dispute that the Court has wide discretion to determine whether to consolidate; NVIDIA respectfully submits that discretionary consolidation is appropriate based on the facts here for the reasons set out above. Second, Plaintiffs argue that because Plaintiffs have been "coordinating effectively" to date, "there is no problem that formal consolidation would solve," it is therefore unnecessary, and "would pose inconvenience, delay, and expense with no discernable benefit." *Nazemian* Dkt. No. 100 at 4–5; *Dubus* Dkt. No. 76 at 4–5. Plaintiffs have never identified how consolidating the case would pose "inconvenience, delay, and expense"; in fact, the opposite is true, as described in detail above. Nor have Plaintiffs explained why the Actions here should be treated differently from other cases in which the same plaintiffs and plaintiffs' counsel stipulated to consolidation. *See supra* II.D. As discovery proceeds, the inefficiencies arising from litigating identical cases against two different sets of Plaintiffs will be exacerbated because—as Plaintiffs admit here—the cases are essentially identical.

### IV. CONCLUSION

For the foregoing reasons, NVIDIA respectfully requests that the Court consolidate the two related Actions, *Nazemian* (Case No. 4:24-cv-01454-JST) and *Dubus* (Case No. 4:24-cv-02655-JST), for all pretrial and trial proceedings.

| | | |
|---|---|---|
| 1 | Dated: April 29, 2025 | Respectfully Submitted, |
| 2 | | |
| 3 | | By: */s/ Sean S. Pak* |
| | | QUINN EMANUEL URQUHART & |
| 4 | | SULLIVAN, LLP |
| 5 | | Sean S. Pak (SBN 219032) |
| | | seanpak@quinnemanuel.com |
| 6 | | 50 California Street, 22nd Floor |
| | | San Francisco, CA 94111 |
| 7 | | Telephone: (415) 875-6600 |
| | | Facsimile: (415) 875-6700 |
| 8 | | |
| 9 | | Andrew H. Schapiro (admitted *pro hac vice*) |
| | | andrewschapiro@quinnemanuel.com |
| 10 | | 191 N. Wacker Drive, Suite 2700 |
| | | Chicago, Illinois 60606 |
| 11 | | Telephone: (312) 705-7400 |
| | | Facsimile: (312) 705-4001 |
| 12 | | |
| | | Alex Spiro (admitted *pro hac vice*) |
| 13 | | alexspiro@quinnemanuel.com |
| | | 295 Fifth Avenue |
| 14 | | New York, NY 10016 |
| | | Telephone: (212) 849-7000 |
| 15 | | Facsimile: (212) 849-7100 |
| 16 | | |
| | | *Attorneys for Defendant,* |
| 17 | | *NVIDIA Corporation* |